USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/07/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVIE ROBINSON,

Plaintiff,

-v-

MSG ENTERTAINMENT GROUP, LLC, et al.,

Defendants.

23-cv-9366 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The Court held a conference in this matter yesterday, October 6, 2026. This Order memorializes the rulings made at the conference:

For the reasons provided on the record, the motion of Alexandria Jean-Pierre, Esq. to be relieved as counsel for Plaintiff Stevie Robinson is GRANTED. Satisfactory reasons have been given for the withdrawal, which will not disrupt the prosecution of the lawsuit. L. Civ. R. 1.4.

The discovery period in this matter closed on September 18, 2026. On September 16, 2026, Plaintiff filed a letter request for an immediate 60-day extension of time to respond to all outstanding discovery and a temporary stay of all scheduled case deadlines. Dkt. No. 109. Plaintiff subsequently filed an updated letter motion requesting that all discovery deadlines be extended by 45 days. Dkt. Nos. 111, 112, 114.

The Court has afforded Plaintiff numerous extensions of time in this matter. Following the withdrawal of Plaintiff's counsel in November 2025, the Court stayed all activity in the case for ninety days to permit Plaintiff to seek replacement counsel. Dkt. No. 85. By order of February 12, 2026, the Court stayed this action in its entirety until March 13, 2026. Dkt. No. 90.

At a status conference held on March 25, 2026, Plaintiff was informed that the deadline for all discovery was June 12, 2026, that Plaintiff was entitled to up to seven depositions, that the deadline for motions for summary judgment was June 29, 2026, and that the Clerk of Court would attempt to locate *pro bono* counsel for Plaintiff for the limited purpose of exploring settlement. Dkt. No. 96. By order of May 15, 2026, following another status conference, the Court extended the close of all discovery to September 18, 2026 and the deadline to file motions for summary judgment to September 28, 2026. Dkt. No. 104. The Court also provided Plaintiff with a Discovery Guide for unrepresented litigants. *Id.*

This matter will now proceed to summary judgment. Accordingly, Plaintiff's request for a further extension of discovery deadlines is DENIED. To the extent that Plaintiff believes that the time provided for discovery did not allow him time to present facts essential to justify his opposition to summary judgment or that Defendants' alleged violation of their discovery obligations frustrated his ability to present such facts, he may raise the matter through an affidavit or declaration under Federal Rule of Civil Procedure 56(d). Plaintiff also has leave to make a motion for discovery violations and/or to reopen discovery on the same timetable as the motion for summary judgment.

The parties shall file and serve their summary judgment motions (and Plaintiff's discovery motions) by no later than December 11, 2026. Given Plaintiff's self-represented status, opposition papers shall be filed and served by January 11, 2027. Any reply papers will be due by January 25, 2027. For the avoidance of doubt, the parties may file summary judgment and/or discovery motions in advance of December 11, 2026, but in such event, opposition papers shall still be due on January 11, 2027, and reply papers shall still be due on January 25, 2027.

Plaintiff's request that *pro bono* counsel be appointed to assist him with preparing

summary judgment papers is DENIED. The Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). The Court previously denied Plaintiff's request that the Court ask that counsel be appointed, *see* Dkt. No. 98 at 16, and the reasons that supported that result have not changed.

Plaintiff is reminded that there is a Pro Se Law Clinic available to assist unrepresented parties in civil cases. The Clinic may be able to provide advice in connection with a plaintiff's case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and it therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse are available Monday through Thursday, 10:00 AM to 4:00 PM. Appointments are also available remotely Monday through Friday, 10:00 AM to 4:00 PM.

Defendants are directed to order a copy of the transcript of yesterday's conference and to mail it to Plaintiff. Defendants are further directed to provide a complete set of the discovery materials to Plaintiff in hard-copy or paper format and to file proof of such service on the docket.

The Clerk of Court is respectfully directed to enter an order lifting the stay in this matter and to close Dkt. Nos. 107 and 114.

SO ORDERED.

Dated: October 7, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge